```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MONICA G. PERSAUD,

                         Plaintiff,                              **MEMORANDUM and ORDER**

              — against —                                        04-CV-4809 (SLT)(LB)

ST. VINCENT'S SERVICES; ALLISON NELSON,
MANAGER; ADEBAYO IYANDA, DIRECTOR;
and JANICE ASHTON, MANAGING DIRECTOR,

                         Defendants.
-------------------------------------------------------------X
```

**TOWNES, United States District Judge:**

Plaintiff Monica Persaud, an employee of St. Vincent's Williamsburg Intermediate Care Facility, brought this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act ("ADA") alleging discrimination on the basis of race, color, national origin, age, and disability. The defendants filed a motion for summary judgment, which was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a report and recommendation ("R&R").

In a R&R dated March 2, 2009, Magistrate Judge Bloom recommended that summary judgment be granted with respect to each of plaintiff's claims. Specifically, the R&R recommended that this Court: (1) dismiss plaintiff's ADEA, ADA, and Title VII claims as to defendants Janice Ashton, Adebayo Iyanda, and Allison Nelson because the aforementioned statutes do not authorize individual liability; (2) dismiss plaintiff's Title VII discrimination claim because plaintiff failed to raise a genuine issue of material fact regarding whether her employer's

legitimate, nondiscriminatory reasons for terminating her employment were pretextual; (3) dismiss plaintiff's Title VII hostile work environment claim because plaintiff did not raise a genuine issue of material fact regarding the presence of a hostile work environment; (4) dismiss plaintiff's ADA claim because plaintiff failed to establish a prima facie case of disability discrimination; (5) dismiss plaintiff's ADEA claim because plaintiff failed to establish a prima facie case of age discrimination; and (6) dismiss plaintiff's Title VII retaliation claim because plaintiff failed to establish a prima facie case of retaliation.

Defendants filed objections to the R&R on December 22, 2008, and plaintiff filed objections on March 3, 2009. The factual background is adequately described in the R&R, and this memorandum and order assumes familiarity with the relevant background.

## STANDARD OF REVIEW

If any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the

record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

## DISCUSSION

In her objections to the R&R, plaintiff lists instances of alleged discrimination in an effort to demonstrate that she was in fact subjected to unlawful discrimination. Plaintiff's allegations are as follows:

> (1) "Upon arrival at St. Vincent's Services office in Williamsburg, Mr. Jim Powers, Manager asked me 'why a lady like me would work for St. Vincent's Services and that I should work in Manhattan.'"
> (2) "I was scrutinized from day one by Mr. Powers who would come to my office door, staring at me and standing with his arms folded and telling me what to do."
> (3) "One afternoon the Director, Dr. Adebayo Iyanda, overheard Mr. Powers telling me what time to leave the office in a condescending tone."
> (4) "I noticed Ms. Nelson; the Manager would write me up on a regular basis and would criticize me whenever she had to do my job evaluation. All year round she would compliment my typing of correspondence and encouraged me to continue, however at the end of the year when she evaluated my work; she would give me a three out of five rating, despite the fact she praised my typing all year round. When I felt sick and put my head down on the desk, [Ms. Nelson] opened my door and came and told me to 'wake up.' Almost every month I received memoranda from her outlining overstated negatives about my job performance which I kept as proof. I have collected approximately forty memoranda, which I can supply as evidence, if needed."
> (5) "I saw many other employees terminated for some small reason and Jamaicans kept and still have their jobs."

Even assuming that plaintiff could provide evidence of the allegations contained in her objections to the R&R, the first four allegations are plainly inadequate to support an inference of discrimination sufficient to bolster any of her claims. The comment regarding plaintiff's choice to work at St. Vincent's is highly ambiguous and could have a variety of innocuous meanings. The allegation that plaintiff's manager used a condescending tone on one occasion is both

3

insufficient and too conclusory to support an inference of discrimination. The scrutiny from the manager, the instruction to "wake up," and the less-than-exemplary performance evaluations are all consistent with defendants' nondiscriminatory reasons for disciplinary action, namely, that plaintiff was both insubordinate and consistently tardy.

The fifth allegation — that non-Jamaicans were terminated on account of their race or national origin — is unsupported by evidence sufficient to support an inference of unlawful discrimination. In her deposition, plaintiff was able to name only one employee of Jamaican origin — Sandra Richards — who was frequently late but allegedly received preferential treatment. (Pl. Dep. at 278). Ms. Richards, however, was warned several times in writing about her tardiness. (Nelson Aff. ¶ 9; Def. Ex. Q, Richards Tardiness Warnings). Unlike plaintiff, Ms. Richards eventually improved her punctuality. (Nelson Aff. ¶ 10).

Finally, plaintiff requests that the Court contact Mary Perrotti, plaintiff's former director at St. Vincent's, to substantiate her claims of discrimination. Plaintiff is advised that contacting potential witnesses is the responsibility of the parties, not the Court. Plaintiff had ample opportunity to contact witnesses to support her claims.

Although the R&R recommends that each of plaintiff's claims be dismissed, defendants object to Magistrate Judge Bloom's determination that the action is timely. This Court declines to reach the timeliness issue because the R&R correctly recommended the dismissal of each of plaintiff's claims on other grounds. Accordingly, the R&R is hereby adopted except for the treatment of the timeliness issue, regarding which this Court expresses no opinion.

4

## CONCLUSION

The plaintiff's objections to Magistrate Judge Bloom's Report and Recommendation are denied, and plaintiff's complaint is dismissed in full. Accordingly, the Court declines to reach defendants' objection regarding the issue of the timeliness of this action. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                                           S/
                                          SANDRA L. TOWNES
                                          United States District Judge

Dated: Brooklyn, New York
        March 31, 2009